STATE OF MAINE                          SUPERIOR COURT
KENNEBEC, ss                            AP-11-40

JUANITA MULLINS

     Petitioner

v.                                      **DECISION ON RULE 80C APPEAL**

UNEMPLOYMENT INSURANCE
COMMISSION

     Respondent

Before the Court is an appeal of Decision No. 11-C-06800 of the Maine

Unemployment Insurance Commission (Commission) filed by Juanita Mullins. Ms.

Mullins was formerly employed by Morin's Family Enterprises, Inc. as a deli and bakery

clerk at a small grocery store in Sanford, Maine. Two out of three Commissioners

affirmed the decision of an Administrative Hearing Officer (AHO) who had disqualified

Ms. Mullins from receiving benefits because she left regular employment without good

cause attributable to that employment within the meaning of 26 M.R.S.A. 1193(1) and

1221(3).

The Court has reviewed the administrative record certified on August 5, 2011,

has considered the parties' filings as well as oral arguments made on May 9, 2012, and

issues the following order remanding this matter to the Commission for further factual

1

findings, and depending on those findings, re-consideration of whether "good cause" existed for Ms. Mullins to leave her employment.

The Court accepts the findings that have been made to date by the Commission, and under Maine law is not permitted to do otherwise unless the findings are not supported by competent evidence. *McPherson v. Maine Unemployment Insurance Commission,* 714 A.2d 818, 820. Those findings include that the employer "permits employees to take a 15-minute break during a six hour shift and two 15 minute breaks during a nine hour shift."

26 M.R.S.A. 601 provides that an employee be given an opportunity to take "at least 30 consecutive minutes of rest time" when the employee works 6 consecutive hours. Maine law exempts from this provision any employer with "fewer than three employees on duty at any one time and the nature of the employment allows them frequent break during their work day." 26 M.R.S.A 601(1)(A)(B).

If Ms. Mullins was, under Maine law, allowed to have 30 minutes of consecutive rest time during her 6 hour shifts, and was denied this opportunity after making the problem known to the employer, good cause for leaving employment may exist.

The record before the Court is silent as to how many employees were on duty at this grocery store at any one time. In addition, none of the following individuals involved in this case seemed to know what Maine law required for rest time for Ms. Mullins: the employer, the Deputy, the Administrative Hearing Officer, and members of the Commission. It is apparent from the record that Ms. Mullins believed her statutory rights were being violated by the employer, and that she told the employer that she was entitled to a 30 minute rest period during a six hour shift. However, instead of finding facts

2

which might determine whether the employer was violating Maine law, the Commission majority seems to have simply endorsed the Administrative Hearing Officer's conclusion that because Ms. Mullins failed to tell her employer that Maine law required such a rest period, she had not established "good cause." The Administrative Hearing Officer stated as follows: "It is found the claimant's complaints about breaks never specified to the president why she thought she was entitled to a greater break than the breaks offered in his policies. It is consequently found the president responded to the claimant's complaints by clarifying what the policy was and how employees were expected to take their breaks. It is consequently found the claimant's complaint was not sufficiently detailed to communicate the basis for her belief that the employer was obligated to accommodate her expectation of a 30 minute break during a six hour shift." (Administrative Record, pg. 10).

Maine law applies to both Ms. Mullins and her employer, irrespective of their knowledge of it. If the employer was required to give her such a rest period – and no one seems to suggest that she was receiving 30 consecutive minutes of rest time—she may have had good cause. However, the Court cannot determine on the record before it whether the employer is entitled to an exemption under Maine law under Section 601(1)(A)(B).

**The entry will be: The case is remanded to the Commission to conduct further proceedings necessary to determine the applicability of 26 M.R.S.A 601 to Petitioner's employer. If the Commission determines that the employer was**

3

violating this provision, the Commission should then consider whether any such violation constitutes "good cause" for leaving employment under Maine law.

6 |19|12
**DATE**

**SUPERIOR COURT JUSTICE**

4

| Date Filed | 7/27/11 | Kennebec County | Docket No. | AP-11-40 |
|---|---|---|---|---|

**J. Murphy**

~~J. Mills~~

Action ___ Petition For Review ___
80C

| | | |
|---|---|---|
| Juanita Mullins | vs. | Unemployment Insurance Commission |

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Juanita Mullins - Pro Se<br>71 Cony Street, Apt 2<br>Augusta, ME  04330 | Elizabeth Wyman, AAG |

| Date of Entry | |
|---|---|
| 7/28/11 | Petition for Review, filed 7/27/11.  s/Mullins, Pro Se |
| 8/2/11 | Letter entering appearance, filed. s/Wyman, AAG |
| 8/30/11 | Administrative Record, filed 8/24/11.  s/Wyman, AAG |
| 9/21/11 | **NOTICE AND BRIEFING ISSUED:**<br>Copies mailed to party/counsel |
| 10/27/11 | Petitioner's Brief, filed. s/Mullins, Pro Se |
| 11/29/11 | Brief of Respondent Maine Unemployment Insurance Commission, filed.<br>s/Wyman, AAG |
| 4/3/12 | Oral argument scheduled 5/8/12 at 10:100 a.m.<br>Copy of motion list to Petitioner and AAG Wyman. |
| 5/10/12 | Oral argument held 5/8/12.  J. Murphy presiding, Petitioner and AAG Wyman present.  Tammy Drouin, Court Reporter.<br>Under advisement. |
| 6/19/12 | DECISION ON RULE 80C APPEAL, Murphy, J.<br>The case is remanded to the Commission to conduct further proceedings necessary to determine the applicability of 26 M.R.S.A. 601 to Petitioner's employer.  If the Commission determines that the employer was violating this provision, the Commission should then consider whether any such violation constitutes "good cause" for leaving employment under Maine law.<br>Copy to Petitioner and AAG Wyman.  Copy to repositories. |
| 6/19/12 | Notice of removal of exhibits/record mailed to Petitioner and AAG Wyman. |